UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL JOSE MAYNE-GARCIA,<br><br>Defendant. | Case No.: 3:20-mj-780-KSC-GPC<br><br>**ORDER DENYING MOTION FOR REVIEW OF ORDER OF CONDITIONS OF RELEASE**<br><br>**[ECF Nos. 18, 19 and 26]** |
|---|---|

On April 6, 2020, Defendant filed a Motion for Review of Conditions of Release that were issued by Magistrate Judge Karen Crawford. ECF Nos. 18 & 19. The motion was denied without prejudice on April 16, 2020, based upon the Order of the Chief Judge 24 which has suspended all criminal matters, except those specifically exempted in that Order, until May 16, 2020. ECF No. 25. Thereafter, on April 17, 2020, Defendant moved for reconsideration of the Court's order. ECF No. 26. Having reviewed the moving papers, response and the record in this case, the Court GRANTS the motion to reconsider its April 16, 2020 order, elects to proceed without hearing as to the original motion for review of conditions of release and DENIES the motion for review of conditions of release.

**I.     Procedural Background**

Defendant Miguel Jose Mayne-Garcia was arrested on February 19, 2020 and charged with the importation of approximately 83 pounds of methamphetamine. ECF No.

1. At his Initial Appearance before Magistrate Judge Karen Crawford on February 20, 2020, the Government moved to detain him based on risk of flight. ECF No. 3. After a hearing on February 20, 2020, Magistrate Judge Crawford denied the Government's motion and set conditions of release on a secured appearance bond of $25,000 secured by two financially responsible adults (one related) and a 10% cash deposit. ECF No. 5. On March 13, 2020, defendant moved for amendment of release conditions to his release on his personal recognizance or other conditions that would permit Mr. Mayne's immediate release, ECF No. 11. The Government filed its opposition on March 18, 2020. ECF No. 14. On March 24, 2020, Magistrate Judge Crawford denied the motion finding that the proposed bond secured by the defendant's own recognizance was insufficient and that defense counsel had not presented an adequate bond proposal. ECF No. 17.

Defendant now seeks review of the Court's release order, ECF Nos. 18-1 & 19-1, and requests that the Court set pretrial release conditions consisting of a $20,000 personal appearance bond secured by the signature of one financially responsible adult or, alternatively, a $5,000 cash or corporate surety bond, to be paid by The Bail Project. ECF No. 19-1 at 8.

Having reviewed the moving papers, response and the record in this case, the Court GRANTS the motion to reconsider its April 16, 2020 order, elects to proceed without hearing and decide the motion upon the record, and DENIES the motion for review of conditions of bail.

**II. Applicable Standards**

18 U.S.C. § 3145(a) provides "[i]f a person is ordered released by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The motion shall be determined promptly." A district judge reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court may decide the motion on the papers and documents before the Court without a hearing. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir. April 30, 2020); *United States v. Dodd*, No. 20-cr-0016,

2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention). The Court finds that this matter is suitable for determination without a hearing.

### III.   Summary of Positions

In denying the motion to amend conditions of release, Magistrate Judge Crawford held that the proposed bond secured by the defendant's own recognizance was insufficient and that defense counsel had not presented an adequate bond proposal. The Court agrees that the proposed conditions of release failed to provide sufficient assurances that Defendant would make his future court appearances. Apparently, Defendant does not dispute this point since he has now offered a new proposal for conditions of bail which includes a personal appearance bond and a cash deposit. The remaining question is whether this proposal is adequate.

Defendant argues that conditions of pretrial release should be set for the foregoing reasons. Defendant is a 64-year-old U.S. citizen who suffers from diabetes, high blood pressure and a heart condition. His age and medical condition make him particularly vulnerable to COVID-19 and severe physical harm. Defendant points out that he has no criminal history. He proposes living in Mexico.

Defendant argues that he should be released based on the COVID-19 pandemic and the risks associated with being incarcerated, including living in tight quarters and the inability to practice social distancing. Defendant asserts that he is especially vulnerable to COVID-19 based on his pre-existing health conditions and his advanced age (64 years old) as significantly increasing the risks of contracting COVID-19 and risk for serious disease. ECF No. 19 at 4-5.

The Government argues that a review of the § 3142(g) factors supports Magistrate Judge Crawford's order rejecting Defendant's proposed conditions of bail as insufficient and inadequate. Specifically, the Government focuses on the seriousness of the drug offense and the weight of the evidence. ECF No. 21 at 3-4   The Government also contends

3

3:20-mj-780-KSC-GPC

that the COVID-19 pandemic does not alter the statutory analysis and does not support release on the conditions offered by Defendant. *Id.* at 5-6.

### IV.   § 3142(g) Analysis

First, the Court recognizes that the COVID-19 pandemic presents significant public health concerns. It has proven to be particularly deadly for certain groups without regard to age or prior physical condition. It appears to affect certain racial and ethnic groups more than others. Due to insufficient testing resources, containing COVID-19 has been particularly difficult. Meanwhile, the entire science community is working around the clock to discover treatments and a vaccine for COVID-19. Without a vaccine, attempts to contain the spread of COVID-19 have turned to social distancing and wearing masks. Given the nature of detention facilities, social distancing has been difficult to practice in the facilities.

The Court finds that it is appropriate to take into account the risks of harm created by COVID-19, the challenges that exist in containing it in detention facilities and the mental effect that it has on individuals that are housed in these facilities. The COVID-19 pandemic does not, however, require that all pretrial detainees be released on bail or on their own recognizance. Ultimately, the Court is required to conduct an individualized analysis under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, -- F. Supp. 3d --, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.").

Under 18 U.S.C. § 3142(g), the Court's individualized analysis considers the following factors in determining whether to grant release:

1. <u>Nature and seriousness of the offense</u>.

Mr. Mayne-Garcia is charged with a drug offense which carries a mandatory minimum term of ten years. It is a serious offense and carries significant possible penalties.

2. <u>Weight of the evidence against the defendant</u>.

While the weight of the evidence may be strong, it is the "least important of the various factors" in the Court's analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

### 3. Mr. Mayne-Garcia's History and Characteristics

#### a. Family and community ties.

Mr. Mayne-Garcia has few reported family or community ties to the United States. As a result, there is little reason for Defendant to live here or return to the United States if he were released. This weighs against release on the conditions proposed.

#### b. Physical and mental condition

Mr. Mayne-Garcia reportedly suffers from diabetes, high blood pressure and a heart condition. His age and physical condition place him at a significantly increased risk of serious harm if he were to contract COVID-19 because the risk for serious disease and death in COVID-19 cases increases with age and for those with heart conditions.[1] The Court finds that this weighs in favor of Defendant's proposed conditions of bail.

#### c. Financial resources.

Mr. Mayne-Garcia does not have significant financial resources.

#### d. Length of residence.

Mr. Mayne-Garcia lives in the Republic of Mexico and has lived there for an undisclosed period of time. In addition, Defendant seeks permission to reside in Mexico as his case proceeds. This factor weighs heavily against release on the proposed condition that Defendant be allowed to reside in Mexico. Given that Defendant already resides in Mexico and faces a significant period of incarceration, there would be little incentive to face the charges and significant pressure to remain in Mexico and avoid prosecution and possible extended incarceration.

---

[1] Ctrs. for Disease Control and Prevention, Cases of Coronavirus Disease (COVID-19) in the U.S. (last visited April 26, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#serious-heart-conditions.

e. <u>Drug abuse.</u>

Mr. Mayne-Garcia does not have any reported drug abuse issues.

f. <u>Criminal history.</u>

Mr. Mayne-Garcia has no prior criminal history and this offense appears to be an aberrant departure from a law-abiding life. This factor weighs heavily in favor of Defendant.

g. <u>Record of prior appearances.</u>

Mr. Mayne-Garcia has no history of failures to appear. This factor weighs in favor of Defendant.

h. <u>Danger to any person or the community.</u>

Other than his alleged involvement in the charged offense, there is nothing about Mr. Mayne-Garcia which shows that Defendant poses a danger to the community. This factor weighs in favor of Defendant.

**V.  Decision**

The above review of factors reveals that Magistrate Judge Crawford correctly denied the motion to detain Defendant without bail. There are a number of factors which support an order setting conditions of bail. On the other hand, the Defendant's proposed condition that he be allowed to live in Mexico creates a serious risk that Defendant will remain in Mexico rather than face prosecution unless adequate conditions are set. Given that Defendant nor his family are prepared to secure a bond with their own cash or property, the proposed $20,000 personal appearance bond secured by the signature of one financially responsible adult or, alternatively, a $5,000 cash or corporate surety bond, to be paid by The Bail Project, is insufficient to create an incentive for Defendant to return to Court to face prosecution in this case.

The Court finds that given the seriousness of the offense, Defendant's ties to Mexico and the unavailability of family members in the United States to house him, the proposed personal appearance bond will not assure the attendance of Defendant at all future court hearings. The Court DENIES the motion to set conditions of release proposed by the

Defendant without prejudice. In the event that Defendant can offer a set of conditions of release that includes residing in the State of California, the Court is prepared to reconsider a renewed motion for review of conditions of release.

**IT IS SO ORDERED.**

Dated: May 1, 2020

Hon. Gonzalo P. Curiel
United States District Judge